IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD THOMAS THIGPEN,

    Plaintiff,

v.                                                                                                                  Civ. No. 24-214 GBW/SCY

IAN ANDERSON and
WESTLAKE SERVICES, LLC,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court *sua sponte*. On March 27, 2024, the Court issued an Order For Address For Service, in which it stated:

> Although the caption appears to name two separate defendants, Ian Anderson (an individual) and Westlake Services, LLC (a corporation), most of the allegations in the complaint pertain only to Westlake Services, and the complaint provides the address only for Westlake Services. Doc. 1 ¶ 2. The Court will order service only if Plaintiff files a motion for service which clearly states whether Plaintiff brings suit against one or two defendants and, if Plaintiff wishes to bring suit against the individual defendant, the address of that defendant.

Doc. 6 at 1. Plaintiff did not file a motion for service. Subsequently, on April 29, the Court ordered the Clerk of Court to serve Defendant Westlake Services, LLC. Doc. 7. The Court further stated that it "declines to order the Clerk of Court to serve Defendant Ian Anderson. To the extent Plaintiff intended to sue Mr. Anderson, Plaintiff is advised that failure to serve Mr. Anderson may result in dismissal of all claims against him." Doc. 7 at 2. During the Rule 16 scheduling conference, the Court advised Plaintiff the service deadline for Mr. Anderson had expired. Plaintiff advised that he did not wish to sue Mr. Anderson. Doc. 21.

> Federal Rule of Civil Procedure 4(m) provides in part:
>
> If a defendant is not served within 90 days after the complaint is filed, the court -
> on motion or on its own after notice to the plaintiff - must dismiss the action

without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed the complaint on March 1, 2024. Doc. 1. The deadline to effect service was May 30, 2024. Absent an extension of time to serve Defendants, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss the action without prejudice. Similarly, Rule 41(b) permits a court to dismiss an action or any claim for failing to prosecute that action or claim. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

I recommend Defendant Ian Anderson be dismissed from this case without prejudice for failure to timely effect service.

*/s/ Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**