IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD THOMAS THIGPEN

    Plaintiff,

    vs.                                                                    No. 1:24-cv-00214-KWR-SCY

IAN ANDERSON, WESTLAKE
SERVICES, LLC

    Defendant.

**MEMORANDUM ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S ANSWER TO THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**

THIS MATTER comes before the Court on Plaintiff's Motion to Dismiss Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint for Insufficient Service of Process **(Doc. 15)**. Plaintiff seeks to have Defendant's Answer dismissed due to improper or insufficient service of process under the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules. Having reviewed the parties' briefs and the applicable law, Plaintiff's motion is **DENIED.**

BACKGROUND

On March 1, 2024, Plaintiff filed a *pro se* 42 U.S.C. § 1983 claim against Defendant alleging violations of his civil rights. **Doc. 1.** Plaintiff also filled out the Court's CM/ECF Pro Se Notification Form. **Doc. 3.** Despite being told to only select one type of notification, Plaintiff appeared to select to receive both emails from CM/ECF and mailed notifications. *Id.* However, Plaintiff did not provide an email address, and left only a mailing address. *Id.*

On April 29, 2024, the Court ordered the Clerk's Office to mail Plaintiff's *pro se* Complaint to Defendant, which the Office did on May 1, 2024.  **Doc. 7.**  On June 16, 2024, Defendant filed an Answer to Plaintiff's complaint using the CM/ECF system.  **Doc. 9.**  Defendant did not mail a copy of the Answer to Plaintiff.  **Doc. 19, Exhibit B.**  Defendant asserts that the Clerk of Court mailed a copy of the Answer to Plaintiff at his filed mailing address.  *Id.* **at 1.**

Plaintiff subsequently filed a Motion to Dismiss Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint for Insufficient Service of Process.  **Doc. 15.**  Plaintiff asserts that he did not receive a copy of Defendant's Answer by any means, including by postal mail or email, despite Defendant having 21 days to serve Plaintiff following Defendant's Waiver of Service.  *Id.* **at ¶5, 6.**  Plaintiff now alleges the Court should strike Defendant's Answer, claiming that Defendant's deficient service deprived Plaintiff of the opportunity to respond to Defendant's alleged counterclaims and affirmative defenses.  *Id.* **at ¶9.** Plaintiff further asserts he would have moved for a more definite statement had he properly received service of the Answer.  *Id.* **at 8.**

## LEGAL STANDARD

Plaintiff proceeds *pro se*, which colors the Court's analysis of the sufficiency of his Motion. "If the plaintiff proceeds *pro se,* the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  However, *pro se* parties are expected to follow the same rules as represented parties. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (*quoting Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)).  Moreover, the district court cannot act as a *pro se* party's advocate or counsel, construing arguments and searching the record for him. *Id.*

## ANALYSIS

Plaintiff originally filed a Motion to Dismiss Defendant's Answer and Affirmative Defenses for Improper Service of Process. **Doc. 15.** This most closely resembles a motion to dismiss for improper service. Fed. R. Civ. P. 12(b)(5). Plaintiff insists that he properly filed a motion to dismiss. **Doc. 23 at ¶12.** However, Plaintiff's motion could also be construed as a motion to strike a pleading, Fed. R. Civ. P. 12(f), and a motion for a more definite statement. Fed. R. Civ. P. 12(e). Because the Court is obligated to construe Plaintiff's claims liberally, it discusses the merits of all three possibilities below.

### I.     Defendant's Answer is not a Pleading to Which Responsive Pleadings Are Allowed.

Plaintiff filed his motion styled as a Motion to Dismiss for Improper Service. However, the Federal Rules of Civil Procedure ("the Rules") preclude Plaintiff from filing a responsive pleading in response to Defendant's Answer.

A party may file a motion to dismiss a pleading for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The party asserting this defense must do so before pleading if a responsive pleading is allowed. *Id.* If the claim does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. *Id.*

Both the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of New Mexico ("Local Rules") govern what constitutes proper service. Represented parties must file electronically using the court's digital filing system. D.N.M. LR-Civ 5(a); Fed. R. Civ. P. 5(d)(3)(A). *Pro se* parties may only file digitally with leave from the court. Fed. R. Civ. P. 5(d)(3)(B). Neither the Local Rules nor the Federal Rules require the Clerk's Office to serve parties on behalf of those with representation. *See generally* D.N.M.

LR-Civ 5; Fed. R. Civ. P. 5. Rather, the burden is on the represented party to properly effectuate service. *Id.*

Proper service under the rules includes "mailing it to the person's last known address–in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The party may only rely on the court clerk for service if the party being served has no known address. *Id.* at (b)(2)(D). Moreover, service by "filing . . . with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing. . . is not effective if the filer or sender learns that it did not reach the person to be served." *Id.* at (b)(2)(E).

A court may impose sanctions, such as striking the pleading in question, for failing to comply with the rules of service. *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1169 (10th Cir. 2003). A party's ignorance to the Local Rules or Federal Rules does not excuse failure to comply with service requirements. *Id.* at 1174–75.

Under Rule 7, only the following pleadings are allowed:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

At the end of the Answer to Plaintiff's Complaint, Defendant "denie[d] all allegations not previously admitted or denied, and demand[ed] its attorneys' fees and costs for having to respond to this case." **Doc. 9 at 11.** Plaintiff asserts that Defendant raised counterclaims in the Answer which allow Plaintiff to file a responsive pleading. **Doc. 23 at ¶9.** Under Rule 7, that would allow Plaintiff to file an answer (or in this case, a motion to dismiss). Fed. R. Civ. P. 7.

However, Plaintiff is incorrect. "New Mexico adheres to the 'American rule' which requires, absent statutory, contractual or other authority, litigants are responsible for their own attorneys' fees." *Defiant Techs., Inc. v. Nanodetex Corp.*, No. CV 05-1041 BB/LAM, 2008 WL 11417198, at *1 (D.N.M. May 9, 2008). "A limited exception is recognized when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."" *Id.* Defendant appears to merely be requesting that the Court assess the possibility of awarding attorney's fees for a lawsuit that Defendant feels is frivolous. A request for attorney's fees should the court deem the lawsuit frivolous is not a separate claim necessitating or permitting a responsive pleading.

Because Defendant has not raised any counterclaims, Plaintiff may not file a responsive pleading like a motion to dismiss. *See Stephens v. Alliant Techsystems Corp.*, 714 F. App'x 841, 844 (10th Cir. 2017) (finding that the district court did not abuse its discretion in denying plaintiff's request to file a reply where "defendants' answer reveals no designated counterclaims."). Plaintiff's motion is barred by the Federal Rules of Civil Procedure.

However, the Court does acknowledge that Defendant did fail to properly serve Plaintiff. The Clerk's Office does not serve parties on behalf of those with representation. *See generally* D.N.M. LR-Civ 5; Fed. R. Civ. P. 5. The burden is on the represented party to properly effectuate service. *Id.* A represented party may only rely on the Clerk's Office where the party being served has no last known address. Fed. R. Civ. P. 5(b)(2)(D). Ignorance to the Local Rules or Federal Rules does not excuse failure to comply with service requirements. *Butler*, 348 F.3d at 1174–75.

Here, Defendant is a represented party, meaning Defendant carries the burden to properly ensure Plaintiff receives Defendants' filings, not the Clerk's Office. When Plaintiff selected notification by mail on his CM/ECF notification form, that meant that Defendant, not the Clerk's Office, was responsible for *mailing* Defendant's filings. Defendant had Plaintiff's last known

address, which Plaintiff left with the Court, and Defendant was responsible for ensuring Plaintiff received a copy of Defendant's Answer. Fed. R. Civ. P. 5(b)(2)(C).

Because the Rules bar Plaintiff's motion to dismiss for improper service, there was no harm done to Plaintiff's interests. However, the Court reminds Defendant that it may impose sanctions in the future for continued failure to comply with rules of service. *Butler*, 348 F.3d at 1169.

**II.     Plaintiff has not properly moved to strike Defendant's Affirmative Defenses**.

Plaintiff's motion to dismiss Defendant's Answer, despite numerous assertions otherwise, most closely resembles a motion to strike. However, Plaintiff has failed to satisfy the requirements necessary for the Court to grant a motion to strike.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It may do so on its own or "on motion made by a party either before responding to the pleading or, *if a response is not allowed, within 21 days after being served with the pleading*." *Id.* at (1) & (2) (emphasis added). "District courts are afforded great discretion regarding control of the docket and parties." *Miller v. Oklahoma Dep't of Hum. Servs.*, No. 23-6119, 2024 WL 2828863 at *3 (10th Cir. June 4, 2024) (internal citation omitted). Moreover, motions to strike "are not favored and, generally, the court should deny them. *Martinez v. Naranjo*, 328 F.R.D. 581, 591 (D.N.M. 2018). Generally, a district court will not strike a pleading unless moving party would be unduly prejudiced. *Miller*, 2024 WL 2828863 at *3; *see also Burrell v. Armijo*, 603 F.3d 825 (10th Cir. 2010) ("In addition, [the moving party does] not argue that the order prejudiced them in their presentation of evidence at trial. Accordingly, even if the court erred in striking portions of the complaint—which we do not suggest—any error was harmless."). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Naranjo*, 238 F.R.D. at 591.

Defendant filed the Answer to the Complaint on June 19, 2024. **Doc. 9.** Plaintiff did not make the motion to dismiss Defendant's Answer until August 5, 2024, well outside the 21-day window Rule 12 allows. **Doc. 15;** Fed. R. Civ. P. 12(f). Were it the case that Defendant had properly served Plaintiff with the Answer, Rule 12(f) would time-bar Plaintiff's motion. *Id.* at (f)(2) (requiring moving party to motion within 21 days of service).

However, it does not appear that Defendant properly served Plaintiff. As discussed above, Defendant did not follow through on their burden to ensure proper service on Plaintiff. As such, Plaintiff could not make his motion within the 21-day window. Under certain circumstances, this district has accepted untimely motions to strike where circumstances were outside the moving party's control. *See e.g.*, *Hollis v. Corizon Med. Servs.*, No. CV 12-567 JAP/ACT, 2013 WL 12333495, at *1, n.1 (D.N.M. Jan. 31, 2013) ("Plaintiff's Motion to Strike was filed 31 days after Defendants filed their Answers, ten days beyond the requirements of Fed. R. Civ. P. 12(f)(2). Given the circumstances of Plaintiff's incarceration, the Court will accept the Plaintiff's Motion to Strike as timely and rule on the merits."). Because Defendant failed to properly serve Plaintiff, the Court will accept the motion to strike as timely and evaluate its merits.

However, even examining the merits of Plaintiff's motion as a motion to strike, the motion fails as a matter of law. It is not wholly clear from Plaintiff's motion to which defenses he specifically objects. Plaintiff argues that Defendant's assertion in the affirmative defenses section that Plaintiff failed to make payments on his loan should be stricken. **Doc. 15 at ¶15.** Defendant makes this assertion in Defenses D. ("Plaintiff's claims are barred by waiver and/or estoppel. Plaintiff admits he did not make payments on the loan." and E. ("Plaintiff's claims are barred by contributory negligence and unclean hands. Plaintiff admits he did not make payments on the loan."). **Doc. 9 at 11.** Plaintiff alleges that the Court should strike these defenses because "[i]t is

unlawful for Defendant to collect on a debt or a contract, or threaten to collect on the debt, when Plaintiff is not in default of the loan" and asserts that "[t]his pleading is scandalous, conclusory, and without merit." **Doc. 15 at ¶¶14–15.** It is these two affirmative defenses that the Court will thus consider.

Motions to strike "are not favored and, generally, the court should deny them. *Naranjo*, 328 F.R.D. at 591. The Court will not strike Defendant's defenses "unless they have no possible bearing on the controversy." *Id.* That is not the case here. Both affirmative defenses go directly to assertions Plaintiff made in his Complaint: that he "paid under duress the payments" Defendant allegedly sought in violation of federal law. **Doc. 1 at ¶36.** Plaintiff asserted, for example, that Defendant profiled from "fraudulent and deceptive practices." *Id.* **at ¶84**. Whether Plaintiff actually made payments on the loan is then necessarily material to determining whether Defendant did profit. Moreover, whether various equitable doctrines bar Plaintiff's claims similarly has at least some bearing on the controversy—bars on claims *stop* the controversy. The Court will not strike Defendant's Affirmative Defenses where the Affirmative Defenses have clear bearing on Plaintiff's claims against Defendant. *See Naranjo*, 238 F.R.D. at 591 ("Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy.").

Moreover, Defendant's failure to properly serve Plaintiff did not cause Plaintiff any sort of prejudice necessitating striking the pleading. *See Miller*, 2024 WL 2828863 at *3 (finding that the district court did not abuse its discretion for denying a motion to strike where a delay in service did not cause the moving party prejudice). As discussed above, while Plaintiff wished to reply to Defendant's Answer, the Federal Rules prohibit him from doing so. *See* Fed. R. Civ. P. 7(a)(7) (list of permissive pleadings does not include replies to an answer). The "harm" of which Plaintiff complains is an inability to properly reply to counterclaims in Defendant's answer. **Doc. 15 at**

¶15. However, Plaintiff could not have been harmed by the delay where he never had a right to reply in the first place. Where Plaintiff suffered no cognizable harm because of the delay, Plaintiff cannot have been prejudiced by the delay such that the Court would need to strike the Answer as a remedy. *See Miller*, 2024 WL 2828863 at *3.

Plaintiff has not demonstrated that Defendant's Affirmative Defenses are so "redundant, immaterial, impertinent, or scandalous" as to warrant the Court striking the defenses. Fed. R. Civ. P. 12(f). Moreover, while the Court finds that Defendant failed to properly serve Plaintiff, the Court cannot find that such a delay caused any sort of prejudice to Plaintiff's interests. Plaintiff's motion, when construed as a motion to strike, fails.

### III.     **Plaintiff has not properly moved for a more definite statement.**

Finally, Plaintiff asserts that he *would have* filed a Motion for a More Definite Statement pursuant to Rule 12(e). **Doc. 15 at ¶9.** Because Plaintiff is *pro se*, the Court will construe Plaintiff's Motion as a Motion for a More Definite Statement. However, Plaintiff has failed to properly allege facts sufficient to support a motion for a more definite statement.

"A party may move for a more definite statement of a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* However, "[m]otions for a more definite statement are generally disfavored in light of the liberal discovery provided under the federal rules." *Crespin v. City of Espanola*, No. CIV 11-0913 JB/KBM, 2012 WL 592880 at *3 (D.N.M. Feb. 10, 2012). "A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading, *rather than to correct inaccurate assertions, add precision, or flesh out a lack of detail*." *Naranjo*, 328 F.R.D. at 593. Moreover,

"[i]n stating affirmative defenses, defendants do not need to provide "factual support" as would otherwise be required by the general rules of pleading. *Id.* at 594; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face).

A party may only move for a more definite statement where responsive pleadings are allowed. *Id.* As discussed above, Defendant's Answer does not raise counterclaims. What Plaintiff understood to be a counterclaim is permissible and boilerplate language part of any Answer from a represented party. Where there is no counterclaim to which Plaintiff may respond, the Rules preclude Plaintiff from moving for a more definite statement. Fed. R. Civ. P. 12(e); *see* Fed. R. Civ. P. 7(a)(7) (list of permissive pleadings does not include replies to an answer unless the Court orders one).

However, even if the language to which Plaintiff objects could be construed as a counterclaim and thus opening the door to a responsive pleading, Defendant's motion is not "so vague or ambiguous" that Plaintiff could not reasonably prepare his response at trial. Plaintiff asserts that Defendant's affirmative defenses are "vague and void of any factual or evidentiary claims" and that the defenses "are not pled with specificity or are not defenses recognized by law." **Doc. 15 at ¶8.** Plaintiff is incorrect. "In stating affirmative defenses, defendants do not need to provide factual support." *Naranjo*, 328 F.R.D. at 594. Rather, a court should only grant a motion for a more definite statement if Plaintiff cannot reasonably determine the issues requiring a response. *Crespin*, 2012 WL 592880 at *3. It is true that a failure to state an affirmative defense means that Defendant waives the defense. **Doc. 15 at ¶11**; Fed. R. Civ. P. 12(b). However, Defendant's affirmative defenses do not need to be pled to the standard necessary to survive a motion to dismiss. *Naranjo*, 328 F.R.D. at 594. Defendant offered Plaintiff a clear list of

affirmative defenses from which Plaintiff should be able to prepare his case. Even if Plaintiff were allowed to file a motion for a more definite statement, the Court would decline to do so. *See id.* at 593 ("A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading, rather than to correct inaccurate assertions, add precision, or flesh out a lack of detail.").

## CONCLUSION

The Court does find that Defendant failed to properly serve Plaintiff. Plaintiff was not prejudiced by the deficiency, and thus the Court grants no remedy. However, Defendant is reminded that both the Federal Rules and Local Rules place the burden of service on the serving party. In the future, Defendant must ensure that Plaintiff is properly served in compliance with both the Local Rules and Federal Rules. If Defendant fails to do so, the Court may impose sanctions. *Butler*, 348 F.3d at 1169.

Plaintiff's Motion fails as a matter of law. For the reasons stated above, Plaintiff has not properly alleged violations of the rules warranting granting a Motion to Dismiss Defendant's Answer, a Motion to Strike, or a Motion for a More Definite Statement. **IT IS THEREFORE ORDERED** that, Plaintiff's Motion to Dismiss Defendant's Answer to The Complaint For Insufficient Service Of Process **(Doc. 15)** is **DENIED.**

**IT IS SO ORDERED.**

\_\_\_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE